Mr. Vernon M. Arrell Commissioner Texas Rehabilitation Commission 118 E. Riverside Drive Austin, Texas 78704
Re: Whether a member of the Texas Planning Council for Developmental Disabilities is entitled to compensatory per diem
Dear Mr. Arrell:
You ask whether members of the Texas Planning Council for Developmental Disabilities may be paid compensatory per diem for performing their official duties.
Section 112.012 of the Texas Human Resources Code provides for the creation of a 25-member planning council. Subsections (c) and (d) of section 112.012 detail the 18 gubernatorial appointees to the council. Section 112.015 of the Texas Human Resources Code provides for the expenses of these council members as follows:
 (a) Council members appointed under Section 112.012(c) or (d) of this code serve without salary but are entitled to reimbursement for actual expenses incurred in performing their duties, including travel, meals, lodging, and telephone long-distance charges. (Emphasis added).
Your question arose because of article 6813f, V.T.C.S., and article V, section 4 of the 1986-87 General Appropriations Act. Article 6813f provides in full:
 Section 1. In this Act, `state board or commission' means a board, commission, committee, council, or other similar agency in the state government that is composed of two or more members.
 Sec. 2. A member of a state board or commission is entitled to per diem relating to the member's service on the board or commission. The amount of the per diem is the amount prescribed by the General Appropriations Act.
 Sec. 3. Each law prescribing the amount of per diem relating to membership on a state board or commission is suspended to the extent of a conflict with this Act. If the General Appropriations Act does not prescribe the amount of per diem to which a member of a state board or commission is entitled by law, the law prescribing the amount of per diem is not suspended by this Act. If a law imposes a limit on the number of days for which a member of a state board or commission is entitled to claim per diem, the limit is not suspended by this Act. (Emphasis added).
Article V, section 4 of the General Appropriations Act states:
 PER DIEM OF BOARD OR COMMISSION MEMBERS. As authorized by Section 2 of Article 6813f, Texas Revised Civil Statutes Annotated, the per diem of state board and commission members shall consist of (1) the amounts of compensatory per diem at $30 per day; (2) actual expenses for meals and lodging as authorized by this Act not to exceed the maximum amount allowed as a deduction for state legislators while away from home during a legislative session as established pursuant to the Internal Revenue Code 26 U.S.C. § 162(i)(1)(B)(ii); and (3) transportation. In the event the maximum amount allowed as a deduction for state legislators pursuant to the Internal Revenue Code as provided above is raised to an amount above $100, the maximum amount of meals and lodging portion of the per diem paid to board and commission members under this section shall not exceed $100.
The items of appropriation for per diem of board or commission members include compensatory per diem only. No employee paid from funds appropriated by this Act shall be paid both a salary and compensatory per diem for concurrent service as a state employee and as a board or commission member. (Emphasis added).
Acts 1985, 69th Leg., ch. 980, art. V, § 4, at 7761.
In Attorney General Opinion JM-349 (1985), we concluded that a member of the State Property Tax Board is not entitled to receive the compensatory per diem provided for in article V, section 4, because section 5.01(i) of the Texas Tax Code states that "[a] member of the board may not receive compensation for his service on the board. . . ." The opinion reasoned that article 6813f, V.T.C.S., was intended to preempt only "law prescribing the amount of per diem relating to membership on a state board or commission." Because section 5.01(i) "prohibits" rather than "prescribes" the payment of any amount that does not represent reimbursement for expenses, the opinion concluded that the compensation section of the rider based on article 6813f did not apply. Similar considerations apply to the case at hand.
Section 112.015 specifies that "[c]ouncil members appointed under Section 112.012(c) or (d) of this code serve without salary but are entitled to reimbursement for actual expenses. . . ." The flat rate compensatory per diem established by subsection (1) of section 4 of article V of the General Appropriations Act clearly represents compensation for services rather than reimbursement for expenses. See Attorney General Opinion JM-349 (1985). Although section 112.015 prohibits the payment of "salaries" rather than of "compensation," we believe that the import of the provision is to prohibit payments which represent something other than reimbursement for expenses. Accordingly, the members of the council who are appointed according to section 112.012(c) and (d) are not entitled to the compensatory per diem provided for in subsection (1) of section 4 of article V of the current General Appropriations Act.
 SUMMARY
Members of the Texas Planning Council for Developmental Disabilities who are appointed pursuant to section 112.012(c) or (d) of the Texas Human Resources Code are not entitled to the compensatory per diem provided for in subsection (1) of section 4 of article V of the current General Appropriations Act.
Very truly yours,
 Jim Mattox Attorney General of Texas
 Mary Keller Executive Assistant Attorney General
 Robert Gray Special Assistant Attorney General
 Rick Gilpin Chairman, Opinion Committee
 Prepared by Jennifer Riggs Assistant Attorney General